**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YANET ELIZABETH VASQUEZ-DE MUNOZ, AKA Yanet Elizabeth Vasquez-Belloso,<br><br>Petitioner,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>Respondent. | No. 18-72351<br><br>Agency No. A088-349-877<br><br>MEMORANDUM* |
| ALEX ENRIQUE MUNOZ-VASQUEZ; ANGIE ELIZABETH MUNOZ-VASQUEZ,<br><br>Petitioners,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>Respondent. | No. 18-72353<br><br>Agency Nos. A208-268-517<br> A208-268-518 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 12, 2021

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and WHALEY,[**] District Judge.

Yanet Elizabeth Vasquez-De Munoz ("Ms. Vasquez-De Munoz") and her minor children, Alex Enrique Munoz Vasquez ("Alex") and Angie Elizabeth Munoz Vasquez ("Angie"), are natives and citizens of El Salvador. The Board of Immigration Appeals ("BIA") dismissed their appeal from an immigration judge's decision denying Ms. Vasquez-De Munoz's application for withholding of removal and protection under the Convention Against Torture ("CAT"), and denying Alex and Angie's applications for asylum, withholding of removal, and protection under CAT. Our jurisdiction is governed by 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petitions for review.

To be eligible for asylum, a petitioner must establish "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). A petitioner is entitled to withholding of removal if, upon return to the petitioner's native country, there is a clear probability the petitioner will be subject to

---

[**] The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

2

persecution on account of one of the same five protected grounds.  *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b), (b)(2).  In order to establish persecution on account of a protected ground, "the persecutor's motive is critical and the applicant must come forward with *some* evidence of [motive], direct or circumstantial."  *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (citation and internal quotation marks omitted).

Petitioners did not establish the requisite nexus between their harm and membership in the particular social group "members of the Vasquez and Munoz families."  Rather than membership in a family social group, the record supports the determination that Ms. Vasquez De-Munoz was extorted by gangs because she was a business owner.  *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, a petitioner must still show that "any persecution was or will be *on account of* [her] membership in such group."); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (a petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").  Although petitioners presented evidence that Ms. Vasquez-De Munoz's father-in-law was murdered and that other family members have been threatened, this does not compel a finding that petitioners face persecution on account of their family membership.  *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016)

(court must uphold BIA's factual determinations "unless any reasonable adjudicator would be compelled to conclude to the contrary." (citations and internal quotation marks omitted)).

At oral argument, petitioners' counsel argued as an alternative protected ground that Alex and Angie feared persecution on account of their membership in the particular social group "young Salvadorans who refuse to participate in gang activity." In their opening brief, however, petitioners did not raise, and therefore waived, any challenge to the BIA's determination that a recruitment-based social group was not cognizable. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Alex and Angie's asylum and withholding of removal claims fail, and Ms. Vasquez-De Munoz's withholding of removal claim fails.

In light of this disposition, we need not reach petitioners' remaining contentions related to asylum or withholding of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Substantial evidence also supports the BIA's determination that petitioners were ineligible for CAT relief. An applicant for CAT relief must show that it "is more likely than not that he or she would be tortured" if removed. 8 C.F.R. § 1208.16(c)(2). In this case, the record does not compel the conclusion that it is more likely than not that petitioners would be tortured by or with the consent or

4

acquiescence of the government if returned to El Salvador. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITIONS FOR REVIEW DENIED.**